PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:22CR492 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RICHARD ROY BLACK, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 47] |
| | ) | |

Pending before the Court is Defendant Richard Roy Black's Motion for Leave to Appeal

*In Forma Pauperis* and for the Assignment of Criminal Justice Act ("CJA") Appellate Counsel.

ECF No. 47.  For the following reasons, Defendant's motion is denied.

## I.      Background

On August 17, 2022, a grand jury charged Defendant with:  accessing with an intent to

view child pornography (Count 1); receipt of visual depictions of minors engaged in sexually

explicit conduct (Count 2), and possession of child pornography (Count 3).  ECF No. 11 at

PageID #: 32–33.  Defendant pled guilty to Counts 1 and 2, and the Court imposed concurrent

terms of 210 months of incarceration for each count.[1]  *See* Minutes of proceedings, 8/31/2023.

When released, Defendant shall serve a 10-year term of supervised release for each count,

concurrently.  Defendant shall also pay a $200 special assessment; a Justice for Victims of

Trafficking Act ("JVTA") assessment of $10,000.00; and Amy, Vicky, and Andy Pornography

---

[1] Pursuant to the plea agreement, Count 3 was dismissed at sentencing.

(1:22CR492)

Victim Assistance Act ("AVAA") restitution to the victims in the amount of $152,000.00.  ECF No. 49 at PageID #: 372.

Now, through retained counsel, Defendant has filed a motion for leave to appeal *in forma pauperis* and for the assignment CJA Appellate Counsel.  He argues that he is indigent and unable to retain counsel to appeal his sentence and criminal judgment.  He argues that his motion should be granted because of his indigence and incarceration.  ECF No. 47 at PageID #: 361.  To assist the Court in addressing Defendant's motion, the Court ordered Defendant to complete a CJA-23 Financial Affidavit.  ECF No. 48.  He filed the affidavit.  ECF No. 51 (Ex Parte).

## II.       Discussion

28 U.S.C. § 1915(a)(1) allows an individual to file an appeal without paying the required filing fee upfront.  This is known as filing *in forma pauperis*.  A prisoner who files an appeal *in forma pauperis* shall be required to pay the full amount of the filing fee, but he may do so through a payment plan.  28 U.S.C. § 1915(b)(1).  28 U.S.C. § 1915(a)(3) states "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

Federal Rule of Appellate Procedure 24(a)(1) requires a party seeking to appeal *in forma pauperis* to file a motion with the district court.  The party must attach an affidavit that (1) details the party's inability to pay the initial filing fee; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1).  A district court must state its reasons for denying the motion in writing.  Fed. R. App. P. 24(a)(2).  28 U.S.C. § 1915(e)(1) states that the court may request an attorney to represent any person unable to afford counsel.  The Court's reasons for denying Defendant's motion follow.

2

(1:22CR492)

## A.  Defendant's Ability to Pay

Initially, Defendant did not include an affidavit showing his inability to pay or give security for fees and costs.  After the Court ordered Defendant to cure that deficiency, he submitted a CJA-23 affidavit, under penalty of perjury, that paints a financial portrait vastly different from the information in his final presentence report ("PSR"), about which there was discussion and no objection during his sentencing hearing.

In his CJA-23 Affidavit, Defendant responds "n/a" for many of the questions on the affidavit.  Notably, Defendant answered "n/a" for the approximate value of his home, "unknown" for money in a bank account, and "n/a" for monthly credit card expenses.  Remarkably, Defendant reported $162,000 in fines imposed by the Court.  ECF No. 51 at PageID #: 380 (Ex Parte).  While Defendant may not have had access to his financial records as he completed the financial affidavit, his recollection of his resources should be at least as clear as that for his liabilities, as both were discussed during his sentencing hearing.[2]  Defendant certified under penalty of perjury that his answers were true and correct.  ECF No. 51 at PageID #: 380 (Ex Parte).  The record belies that declaration.

Defendant's PSR, issued November 2023, shows that he has a financial net worth of nearly $113,000.  His assets total $117,984.00 and include a mortgage-free home worth $93,600.00, a vehicle worth $22,064.00, and personal savings of $2,300.00.[3]  Defendant's PSR

---

[2] The Court acknowledges that Defendant allows another individual to handle his finances.  *See* ECF No. 37 at ¶ 68 [SEALED].  He is not permitted, however, to hide those resources from the Court.

[3] Defendant provided most of the financial information contained in the PSR.  Among other things, he provided that his stepdaughter, her husband, and one-year-old child reside in his home.  There is no indication that they pay rent or pay bills related to the home.  ECF No. 37 at PageID #: 180 [SEALED].  Defendant also provided that he used his home as collateral for his attorney's fees.  ECF No. 37 at PageID #: 182 [SEALED].

(1:22CR492)

also informs that he would continue to receive a social security check for disability until his

sentencing.  Of that $1,650 social security check, Defendant received $300 for his use at the

commissary while incarcerated, and the remainder was used to pay bills at his home.[4]  Defendant

owes $5,000.00 in credit card debt and pays $364.00 monthly on his car loan.  ECF No. 37 at

PageID #: 182–83 [SEALED].

As earlier indicated, the financial portrait by the PSR is drastically different from the

CJA-23 affidavit with no explanation.  Defendant's net worth of nearly $113,000 distinguishes

him from the many indigent persons for whom counsel is appointed.  Furthermore, now that

Defendant is incarcerated, he will have far fewer expenses.[5]  The Court concludes, therefore, that

Defendant has the financial resources with which to retain counsel.

### B.  Defendant's Reasons for Appeal

Defendant fails to articulate issues that he intends to address during his anticipated

appeal.  He states generally that he desires to appeal his sentence and criminal judgment.  The

Court sentenced Defendant to 210 months, a sentence at the low end of the advisory guidelines

range.  *See* ECF No. 37 at ¶ 41 [SEALED]; ECF No. 49 at PageID #: 366; U.S.S.G. Ch. 5, Pt. A.

That sentence is presumed reasonable.  During the sentencing hearing and in his Sentencing

Memorandum (ECF No. 41), Defendant objected to the sentencing guidelines for policy

reasons.[6]  *See also* ECF No. 42 (Government's opposing Sentencing Memorandum).  Yet when

---

Public records indicate that Defendant has not sold his home and that his home is not on
the market.  The home appears to be an available source of income for Defendant.

[4] Meaning the residence he owns, not his place of incarceration.

[5] The United States will not, however, the PSR estimates the cost of Defendant's
incarceration will be approximately $44,258 annually, with the cost of supervised release
$4,454 annually.  ECF No. 37 at ¶ 87 [SEALED].  The undersigned does not impose this
financial burden on the United States without serious consideration.

[6] No objections were lodged against the PSR by either party.

(1:22CR492)

urged to articulate particular errors made by the Court, his counsel was unable to do so.  As the Court stated on the record, given Defendant's hand-on history of child sex abuse, there can be no well taken objections to the Court's correct application of the advisory guidelines.  Therefore, the Court denies Defendant's motion for leave to appeal *in forma pauperis*.

### III.    Conclusion

For the foregoing reasons, Defendant's motion for appointment of appellate counsel and to appeal *in forma pauperis* are denied.  ECF No. 47.

The Court certifies that an appeal from this decision could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).


IT IS SO ORDERED.


 March 1, 2024                                                    */s/ Benita Y. Pearson*
 Date                                                             Benita Y. Pearson
                                                                  United States District Judge